## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **RANDY WALKER,** | § | |
| *Plaintiff* | § | |
| **v.** | § | |
| | § | |
| | § | **CIVIL NO. 1:25-CV-469-ADA-SH** |
| **PERFORMANCE FOOD GROUP, INC.** | § | |
| **and MARK BALTZ,** | § | |
| *Defendants* | § | |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

### TO: THE HONORABLE ALAN D ALBRIGHT
### UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff's Amended Motion for Remand (Dkt. 9), filed April 16, 2025; Plaintiff's Motion to Stay Briefing on Defendants' Motion to Dismiss Pending Ruling on Motion for Remand (Dkt. 15), filed April 30, 2025; and the associated response and reply briefs.[1]

### I.    General Background

Randy Walker, a resident of Travis County, Texas, brings this employment discrimination suit against his former employer Performance Food Group, Inc. ("PFG"), a Colorado corporation with its principal place of business in Richmond, Virginia, and Mark Baltz, a resident of Virginia and former Vice President of PFG (together, "Defendants"). Dkt. 1 at 2; Dkt. 6 at 8; Dkt. 9 at 2.

Walker, who is proceeding *pro se*, filed his Original Petition in the 368th Judicial District of Williamson County, Texas on February 27, 2025, asserting wrongful termination, disparate treatment, retaliation, and hostile work environment under "Texas common law, Texas Labor Code §§ 21.051 & 21.055, and Title VII of the Civil Rights Act." Original Petition, Dkt. 6 at 12. Walker

---

[1] On March 28, 2025, the District Court referred the case to this Magistrate Judge for disposition of non-dispositive motions and report and recommendation on dispositive motions, pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the District Court's Standing Order. Dkt. 3.

demanded "$8.6 million in compensatory and punitive damages," including $500,000 in lost wages and benefits, $3 million for emotional distress, $5 million in punitive damages, and $100,000 in attorney's fees and costs. *Id.* at 15-16.

Defendants removed the case to federal court on the bases of federal question jurisdiction under 28 U.S.C. § 1331 and diversity of citizenship jurisdiction under 28 U.S.C. § 1332. Dkt. 1. Walker moved to remand "on the grounds that Defendants' removal was improper due to significant procedural defects and the predominance of state law issues." Dkt. 5 at 1. After Defendants filed a response in opposition, contending that the Court had both federal question and diversity of citizenship jurisdiction, Walker filed his First Amended Complaint. Dkts. 7, 8.

In his Amended Complaint, Walker asserts the same employment discrimination claims under Texas common law but removes all his federal claims under Title VII. *Id.* at 5-7. He no longer requests a specific amount of damages, stating instead that he seeks "damages under Texas law in an amount in excess of the jurisdictional limits of this Court." *Id.* at 8. But Walker continues to seek compensatory and punitive damages for lost wages and benefits, emotional distress, and reputational harm, as well as attorney's fees and costs. *Id.* at 9.

On April 16, 2025, Walker filed an Amended Motion to Remand, seeking remand to state court "on the grounds that all federal claims have been withdrawn, only Texas state law claims remain, and no substantial interest is implicated." Dkt. 9 at 1. In light of his Amended Motion to Remand, the Court dismissed Walker's first motion to remand as moot. Text Order issued June 11, 2025.

On April 29, 2025, Defendants moved to dismiss under Rule 12(b)(6), arguing that Walker fails to state a plausible claim for relief and has not exhausted his administrative remedies. Dkt. 11. The next day, Walker filed a Motion to Stay Briefing on Defendants' Motion to Dismiss pending the Court's ruling on his Amended Motion to Remand. Dkt. 15.

## II.    Legal Standards

Federal courts are courts of limited jurisdiction and "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Congress has granted jurisdiction over two general types of cases: those arising under federal law ("federal question jurisdiction"), and those in which the amount in controversy exceeds $75,000 and there is complete diversity of citizenship among the parties ("diversity jurisdiction"). 28 U.S.C. §§ 1331, 1332(a); *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437-38 (2019). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377.

The federal removal statute allows a defendant to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Once a defendant removes an action from state to federal court, the plaintiff may move to remand. 28 U.S.C. § 1447(c). A court must remand a case "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction over a case removed from state court." *Int'l Primate Protection League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991) (quoting 28 U.S.C. § 1447(c)). The burden is on the removing party to show that removal is proper. *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014).

To determine whether jurisdiction is present for removal, courts "consider the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Cavallini v. State Farm Mut. Auto Ins.*, 44 F.3d 256, 264 (5th Cir. 1995)). Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand. *Id.* "In making a jurisdictional assessment, a federal court is not limited to the pleadings; it may look to any record evidence, and may receive

3

affidavits, deposition testimony or live testimony concerning the facts underlying the citizenship of the parties." *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996).

### III.    Motion to Remand

Walker argues that the Court should remand this action to state court under 28 U.S.C. § 1447(c) because the removal of his federal claims in his Amended Complaint "eliminates any federal question jurisdiction." Dkt. 9 at 1-2. Alternatively, Walker argues that because all federal claims have been withdrawn and only state law claims remain, "the Court should decline supplemental jurisdiction under 28 U.S.C. § 1367(c)." *Id.* at 2. Walker also argues that this Court lacks diversity of citizenship jurisdiction over this case.

Defendants respond that the Motion to Remand should be denied because at the time of removal the Court had both federal question jurisdiction under 28 U.S.C. § 1331 and diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a)(1). They contend that Walker's post-removal actions have no bearing on whether subject matter jurisdiction existed at the time of removal. Defendants are correct.

### A.  Federal Question Jurisdiction

The federal question jurisdiction statute provides that federal district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In his Original Petition, Walker asserted employment discrimination claims under Title VII of the Civil Rights Act of 1964, a "law of the United States." The Court had federal question jurisdiction over this matter when this case was removed to federal court. *Stelly v. Duriso*, 982 F.3d 403, 406 (5th Cir. 2020) ("The district court had federal question jurisdiction over the Title VII claims under 28 U.S.C. § 1331.").

Walker does not dispute that federal question jurisdiction existed at the time of removal, but argues that withdrawal of all federal claims in his Amended Complaint divests this Court of federal

4

question jurisdiction. Walker is mistaken because, as stated, to determine whether subject matter jurisdiction exists in a removed case, the Court must "consider the claims in the state court petition as they existed at the time of removal." *Manguno*, 276 F.3d at 723. Post-removal events, such as filing an amended complaint removing all federal claims, "cannot divest a federal court of jurisdiction." *Cavallini*, 44 F.3d at 264; *accord Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991) ("We have consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events."); *La. v. Am. Nat. Prop. Cas. Co.*, 746 F.3d 633, 636 (5th Cir. 2014) ("[J]urisdictional facts are determined at the time of removal, and consequently post-removal events do not affect that properly established jurisdiction.").

> The rationale for determining removal jurisdiction on the basis of claims in the state court complaint as it exists at the time of removal is obvious. Without such a rule, disposition of the issue would never be final, but would instead have to be revisited every time the plaintiff sought to amend the complaint to assert a new cause of action against the nondiverse defendant, all at considerable expense and delay to the parties and the state and federal courts involved. Limiting the removal jurisdiction question to the claims in the state court complaint avoids that unacceptable result, and permits early resolution of which court has jurisdiction, so that the parties and the court can proceed with, and expeditiously conclude, the litigation.

*Cavallini*, 44 F.3d at 264.

When Defendants removed this case, Walker asserted federal claims in his Original Petition under Title VII. Dkt. 6 at 12-15. Walker's Amended Complaint removing those claims was filed after removal and did not divest this Court of subject matter jurisdiction. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939) ("The second amended complaint should not have been considered in determining the right to remove, which in a case like the present one was to be determined according to the plaintiffs' pleading at the time of the petition for removal."); *Cavallini*, 44 F.3d at 264 ("[A] complaint amended post-removal cannot divest a federal court of jurisdiction.");

*Brown v. Sw. Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990) (stating that jurisdiction is determined "by looking at the complaint at the time the petition for removal is filed" and "when there is a subsequent narrowing of the issues such that the federal claims are eliminated and only pendent state claims remain, federal jurisdiction is not extinguished"). Federal question jurisdiction existed at the time of removal and Walker's post-removal conduct does not divest the Court of federal question jurisdiction.

## B. Diversity of Citizenship Jurisdiction

The diversity of citizenship jurisdiction statute provides that federal district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Subject matter jurisdiction over a state claim in federal court under 28 U.S.C. § 1332(a) exists when the amount in controversy is satisfied and there is complete diversity of citizenship between the parties. *Vantage Drilling*, 741 F.3d at 537. The party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000. *Frye v. Anadarko Petroleum Corp.*, 953 F.3d 285, 293 (5th Cir. 2019).

### 1. Complete Diversity Exists

In cases removed from state court, "diversity of citizenship must exist *both* at the time of filing in state court and at the time of removal to federal court." *In re Levy*, 52 F.4th 244, 246 (5th Cir. 2022) (quoting *Ashford v. Aeroframe Servs., LLC*, 907 F.3d 385, 386 (5th Cir. 2018)). "If diversity is established at the commencement and removal of the suit, it will not be destroyed by subsequent changes in the citizenship of the extant parties." *Coury*, 85 F.3d at 249.

Complete diversity of citizenship means that "all persons on one side of the controversy must be citizens of different states than all persons on the other side." *SXSW, LLC v. Fed. Ins.*, 83 F.4th 405, 407 (5th Cir. 2023). For natural persons, "§ 1332 citizenship is determined by domicile, which requires residency plus an intent to make the place of residency one's permanent home." *Id.* A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Therefore, "allegations regarding the citizenship of a corporation must set out the principal place of business of the corporation as well as the state of its incorporation." *MidCap Media Fin., LLC v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019).

Defendants have met their burden to show that complete diversity existed when Walker filed this suit and when it was removed. Walker does not dispute that he is a Texas resident or that Texas is his permanent home. Original Petition, Dkt. 6 at 8 ("Plaintiff Randy Walker is an individual residing in Travis County, Texas, and previously residing in Williamson County, Texas, during his employment with Performance Food Group."); First Amended Complaint, Dkt. 8 at 2 (same); Dkt. 9 at 7 ("Plaintiff has consistently identified as a Texas resident."). Walker also does not dispute that Defendant PFG is a Colorado corporation with its principal place of business in Richmond, Virginia. First Amended Complaint, Dkt. 8 at 2 (stating that PFG is "a Colorado corporation with its principal place of business located at 12500 West Creek Parkway, Richmond, VA 23238"); *see also* Notice of Removal, Dkt. 1 at 2 ("PFG is a citizen of Virginia and Colorado").

While Walker does not dispute "that Defendant Baltz is domiciled in Virginia," he argues that "domicile alone does not establish diversity jurisdiction where the defendant is not a nominal party." Dkt. 9 at 6. Walker implies that Baltz should be considered a Texas citizen because of his role "in overseeing Texas-based operations, making key disciplinary decisions affecting Texas

employees, and solely representing PFG in a Texas Workforce Commission proceeding[s]." *Id.*
But none of these allegations affect whether Baltz was a Virgina citizen for purposes of diversity
jurisdiction. Walker does not dispute that Baltz resides in Virginia and offers no evidence that
Virginia is not his intended permanent home. Defendants allege that "Defendant Mark Baltz is a
resident and citizen of the state of Virginia." Dkt. 1 at 2. Defendants have met their burden to show
that complete diversity of citizenship existed when Walker filed this suit and when it was removed.

### 2. The Amount in Controversy Threshold Has Been Met

To invoke this Court's diversity of citizenship jurisdiction, Defendants also must show that the
amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs."
28 U.S.C. § 1332(a). "If removal of a civil action is sought on the basis of the jurisdiction conferred
by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be
the amount in controversy." 28 U.S.C. § 1446(c)(2). Section 1446(c)(2) "thus sets a general rule
that 'the sum demanded in good faith in the initial pleading' is 'the amount in controversy.'"
*Durbois v. Deutsche Bank Nat'l Tr. Co.*, 37 F.4th 1053, 1056 (5th Cir. 2022) (quoting
§ 1446(c)(2)); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)
("The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that,
unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is
apparently made in good faith."). If a plaintiff demands a specific amount in his initial pleading,
the amount stated "is itself dispositive of jurisdiction if the claim is apparently made in good faith."
*Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 888 (5th Cir. 2014) (citation omitted).

Walker demanded "$8.6 million in compensatory and punitive damages" in his Original
Petition. Dkt. 6 at 16. Because the damages in Walker's initial pleading demand a specific amount
that exceeds $75,000 and there is no allegation that the claim was made in bad faith, the amount

in controversy exceeds the threshold jurisdictional amount. Walker argues that the Court should ignore his initial request for damages and instead rely on his First Amended Complaint, which removed "any specific monetary demand." Dkt. 9 at 4. But "events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached." *St. Paul Mercury*, 303 U.S. at 293; *see also Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995) ("Once the district court found that it had jurisdiction, the jurisdiction is deemed to have vested in the court at the time of removal. An amendment to the complaint limiting damages for jurisdictional purposes cannot divest jurisdiction.").

> If the plaintiff could, no matter how bona fide his original claim in the state court, reduce the amount of his demand to defeat federal jurisdiction the defendant's supposed statutory right of removal would be subject to the plaintiff's caprice. The claim, whether well or ill founded in fact, fixes the right of the defendant to remove, and the plaintiff ought not to be able to defeat that right and bring the cause back to the state court at his election.

303 U.S. at 294.

Because diversity of citizenship jurisdiction attached when Defendants removed this case, Walker's later amendment of his Original Petition removing any specific monetary demand did not divest this Court of its subject matter jurisdiction. *St. Paul Mercury*, 303 U.S. at 293; *Allen*, 63 F.3d at 1336. This Court also has diversity of citizenship jurisdiction over this matter.

## C.  Supplemental Jurisdiction

Walker also asks the Court to decline to exercise supplemental jurisdiction over his state-law claims under 28 U.S.C. § 1367(c) because all federal claims have been eliminated and the state-law claims "are best resolved in state court." Dkt. 9 at 3.

The supplemental jurisdiction statute provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all

other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United State Constitution." 28 U.S.C. § 1367(a). Supplemental jurisdiction "permits a federal court to entertain a *claim* over which it would have no independent basis of subject matter jurisdiction." 13D RICHARD D. FREER, FEDERAL PRACTICE AND PROCEDURE ("WRIGHT & MILLER") § 3567 (3d ed. May 2025 Update). "An independent basis of jurisdiction is one by which a case itself may be brought in federal court," such as "federal question jurisdiction under 28 U.S.C. § 1331 and diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a)(1)." *Id.*

Under § 1367(c), a district court may decline to exercise supplemental jurisdiction over a claim over which it does not have independent subject matter jurisdiction (such as a state-law claim) if: (1) the claim raises a novel or complex issue of State law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons to decline jurisdiction. 28 U.S.C. § 1367(c).

Walker's reliance on this statute is misplaced because "supplemental jurisdiction is irrelevant if the claim under consideration invokes an independent basis of subject matter jurisdiction." 13D WRIGHT & MILLER § 3567. For example,

> suppose a citizen of Tennessee sued a citizen of Illinois in federal court, and asserted two claims, one for violation of federal labor laws and the other for violation of state law. Suppose further that the state-law claim exceeded $75,000. The federal labor law claim will invoke federal question jurisdiction, and the state law claim will invoke diversity of citizenship jurisdiction. Accordingly, there is no need for supplemental jurisdiction, because there is no claim that does not invoke an independent basis of jurisdiction.

*Id.*

Similarly, when this case was removed, this Court had both federal question jurisdiction and diversity of citizenship jurisdiction. Supplemental jurisdiction is inapplicable because "there is no claim that does not invoke an independent basis of jurisdiction." *Id.*; *see also Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 249 n.8 (3d Cir. 2013) (finding that plaintiff's supplemental jurisdiction argument was irrelevant when court had admiralty jurisdiction over plaintiff's claims and thus "court did not need supplemental jurisdiction"); *United Disaster Response, LLC v. Omni Pinnacle, LLC,* 569 F. Supp. 2d 658, 667 (E.D. La. 2008) (stating that § 1367(c)(3) was "inapplicable because the Court has not dismissed the main demand over which it has original jurisdiction based upon diversity of citizenship").

## D. Conclusion on Motion to Remand

Because this Court has both federal question and diversity of citizenship jurisdiction over this case, this Magistrate Judge recommends that Walker's Motion to Remand should be denied.

## IV.   Motion to Stay Briefing

Walker asks the Court to stay briefing on Defendants' Motion to Dismiss (Dkt. 11) until the Court rules on the Amended Motion to Remand. Because the Court has now issued a recommendation on the Amended Motion to Remand, Plaintiff's Motion to Stay Briefing is moot.

## V.   Order and Recommendation

For these reasons, this Magistrate Judge **RECOMMENDS** that the District Court **DENY** Plaintiff's Amended Motion to Remand (Dkt. 9).

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay Briefing (Dkt. 15) is **DISMISSED** as **MOOT**.

Plaintiff is **ORDERED** to file a response to Defendants' Motion to Dismiss by **July 7, 2025**. Defendants may file a reply brief within seven days after Plaintiff files his response.

## VI.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within 14 days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on June 18, 2025.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE