IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| RANDY WALKER,<br>*Plaintiff*<br><br>v.<br><br>PERFORMANCE FOOD GROUP, INC.<br>and MARK BALTZ,<br>*Defendants* | §<br>§<br>§<br>§   CIVIL NO. 1:25-CV-469-ADA-SH<br>§<br>§<br>§ |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

Before the Court are Defendants' Motion to Dismiss Plaintiff's First Amended Complaint, filed April 29, 2025 (Dkt. 11); Plaintiff's Response, filed July 3, 2025 (Dkt. 28); and Defendants' Reply, filed July 10, 2025 (Dkt. 30).[1]

### I.  Background

Plaintiff Randy Walker, proceeding *pro se*, brings this employment discrimination suit against Defendants Performance Food Group, Inc. ("PFG") and its Vice President, Mark Baltz.[2] Walker alleges that he worked at PFG as a "Cloud Center of Excellence Manager" from October 2021 until he was terminated on February 27, 2024. First Amended Complaint, Dkt. 8 ¶¶ 9, 16. Walker alleges he "was hired as a 100% remote employee with no obligation to report to a physical office." *Id.* ¶ 10. He "frequently traveled while working remotely, a practice known and accepted within his department," including trips to South Korea, Peru, and various states in the United States. *Id.*

---

[1] The District Court referred this case to this Magistrate Judge for disposition of non-dispositive motions and report and recommendation on dispositive motions, pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules"), and the District Court's Standing Order. Dkt. 3.

[2] Walker is a Texas citizen and Travis County resident; PFG is a Colorado corporation with its principal place of business in Virginia; and Baltz is a Virginia citizen. Dkt. 1 at 2; Dkt. 8 ¶ 2.

¶ 11. In late 2023, supervisor Matt Wear informed Walker that "travel to certain countries (e.g., Central America) was prohibited due to tax concerns." *Id.* ¶ 13. Walker allegedly complied with this directive and limited his travel to domestic locations. *Id.* ¶ 14. On February 27, 2024, "Plaintiff was abruptly terminated, allegedly for failing to inform his manager of travel while working." *Id.* ¶ 16.

Walker alleges that other employees were treated more favorably and that he was "subjected to a hostile work environment," including (1) "verbal abuse" because Wear yelled at him in a meeting; (2) "cultural discrimination" because he was "mocked for his Korean heritage, including his top knot hairstyle"; (3) "retaliation" in that PFG took no action to protect his privacy after he reported that his phone number had been leaked; (4) "managerial neglect" because Wear failed to show up for meetings, provided no guidance, and did not review Walker's work; and (5) "failure in oversight" in that Baltz did not discipline Wear for being a poor manager. *Id.* ¶ 19.

Walker filed this suit in state court on February 27, 2025, asserting wrongful termination, disparate treatment, retaliation, and hostile work environment claims under Texas common law and public policy, the Texas Labor Code, and Title VII of the Civil Rights Act. Dkt. 6 at 12-15. Defendants removed to this Court, asserting federal question jurisdiction under 28 U.S.C. § 1331 and diversity of citizenship jurisdiction under 28 U.S.C. § 1332. Dkt. 1. Walker moved to remand, then filed his First Amended Complaint, asserting the same factual allegations and Texas common law and public policy claims but removing all statutory claims. Dkt. 8. The District Court denied the motion to remand, finding that the Court has diversity of citizenship jurisdiction over this matter under 28 U.S.C. § 1332. Dkt. 29.

Defendants move to dismiss Walker's First Amended Complaint under Rule 12(b)(6), arguing that he fails to allege a viable cause of action under Texas common law or public policy. Dkt. 11.

## II.  Legal Standards

Rule 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted). A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 550 U.S. at 555 (cleaned up). While plaintiffs proceeding *pro se* are held to more lenient standards than lawyers when analyzing complaints, "*pro se* plaintiffs must still plead factual allegations that raise the right to relief above the speculative level." *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).

In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the information considered generally is limited to (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). "Because the court reviews only the well-pleaded facts in the complaint, it may not consider new

factual allegations made outside the complaint . . . ." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008).

### III. Analysis

As stated, in his First Amended Complaint, Walker asserts claims for wrongful termination, retaliation, and hostile work environment under Texas common law and public policy. Defendants argue that these claims should be dismissed because Walker fails to allege a viable cause of action under Texas law.[3]

### A. Texas Common Law Claims

Walker has abandoned his wrongful termination, retaliation, and hostile work environment claims under Title VII and Chapter 21 of the Texas Labor Code and now pursues those claims only under Texas common law. But the Texas Supreme Court has held that "Chapter 21 provides the exclusive remedy against an employer when the 'gravamen of a plaintiff's case' is Chapter 21-covered discrimination." *Butler v. Collins*, 714 S.W.3d 562, 564 (Tex. 2025) (quoting *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 799 (Tex. 2010)). Accordingly, "Chapter 21 abrogates a plaintiff-employee's common law claims against *an employer* to the extent that the claims are based on the same course of conduct as discrimination or retaliation claims against that employer." *Id.* at 568. This is true whether or not a statutory claim is pursued or barred. *Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 448 (Tex. 2004). Chapter 21 thus forecloses Walker's claims under Texas common law for employment discrimination, retaliation, and harassment against PFG. *Butler*, 714 S.W.3d at 568; *Waffle House,* 313 S.W.3d at 812.

---

[3] In the alternative, Defendants argue that Walker's suit should be dismissed because he failed to exhaust his administrative remedies and Baltz is not an employer under Title VII or the Texas Labor Code. Because Walker has removed his statutory claims and concedes that he failed to exhaust his administrative remedies (Dkt. 28 at 4), the Court need not address these arguments.

Walker also does not state plausible claims for employment discrimination and retaliation against Baltz individually because "[t]here is no common law cause of action for workplace discrimination or retaliation." *Butler*, 714 S.W.3d at 571. Employment discrimination claims are "a statutory creation of legislators, not a common-law creation of judges. As [plaintiff's] tort claim is grounded on sexual harassment, it would impose liability for failing to prevent a harm not cognizable under Texas common law." *Waffle House*, 313 S.W.3d at 811.

For these reasons, this Magistrate Judge finds that Walker has no cognizable wrongful termination, retaliation, or hostile work environment claim under Texas common law.

## B. Texas Public Policy Claims

Walker alleges that his termination violated Texas public policy because (1) it was retaliation for reporting a security breach, and (2) "no formal policy required Plaintiff to disclose travel, and the termination was based on an unwritten, selectively enforced rule." Dkt. 8 ¶¶ 25, 29.

Texas is an at-will employment state, and employment for an indefinite term may be terminated at will and for any reason. *Safeshred, Inc. v. Martinez*, 365 S.W.3d 655, 659 (Tex. 2012). The Texas Supreme Court has recognized one narrow exception to this rule: An employee may sue the employer if they are discharged "for the sole reason that the employee refused to perform an illegal act." *Sabine Pilot Serv., Inc. v. Hauck*, 687 S.W.2d 733, 735 (Tex. 1985). The plaintiff has the burden to prove by a preponderance of the evidence that "his discharge was for no reason other than his refusal to perform an illegal act." *Id.* To state a *prima facie* case of wrongful termination under *Sabine Pilot*, the plaintiff must allege that: "(1) she was required to commit an illegal act which carries criminal penalties; (2) she refused to engage in the illegality; (3) she was discharged; (4) the sole reason for her discharge was her refusal to commit an unlawful act." *White v. FCI USA, Inc.*, 319 F.3d 672, 676 (5th Cir. 2003).

Walker alleges none of these elements except that he was discharged. Because he does not allege that PFG asked him to commit an illegal act carrying criminal penalties or that the sole reason for his discharge was his refusal to commit a criminal act, he does not plead a plausible wrongful termination under *Sabine Pilot*. *See White*, 319 F.3d at 676 (affirming dismissal of wrongful termination claim when plaintiff showed only that she was discharged); *Yadav v. Frost Bank*, No. SA-20-CV-00005-FB-ESC, 2020 WL 7385842, at *3 (W.D. Tex. Dec. 16, 2020) (holding that plaintiff failed to plead a retaliatory discharge claim when he alleged that "he was terminated for reporting illegal activity to his superiors, not that he was fired for refusing to perform an illegal act himself"), *aff'd*, 851 F. App'x 509 (5th Cir. 2021); *Marren v. Stout*, 930 F. Supp. 2d 675, 681 n.2 (W.D. Tex. 2013) ("[I]n order for Plaintiff to prevail on a *Sabine Pilot* claim, a court would have to find that she refused to commit an act that would actually have subjected her to criminal penalties.").

## C. Newly Asserted Intentional Infliction of Emotional Distress Claim

In his response brief, Walker for the first time asserts a claim for intentional infliction of emotional distress ("IIED"). This tort has four elements under Texas law: "(1) the defendant acted intentionally or recklessly; (2) its conduct was extreme and outrageous; (3) its actions caused the plaintiff emotional distress; and (4) the emotional distress was severe." *Hersh v. Tatum*, 526 S.W.3d 462, 468 (Tex. 2017). Walker alleges that the "mocking of his Korean heritage, public ridicule of his hairstyle, and repeated workplace humiliation in front of colleagues and supervisors" rises to the level of IIED.

Because Walker does not assert an IIED claim in his First Amended Complaint, it is not properly before the Court. *See Dorsey*, 540 F.3d at 338 (stating that courts "may not consider new factual allegations made outside the complaint"); *Bostic v. Daily Dot, LLC*, No. 1:22-CV-158-RP,

2023 WL 2317789, at *4 (W.D. Tex. Mar. 1, 2023) ("Because [plaintiff] does not allege the alter ego or conduit claim in his complaint, he cannot raise them for the first time in his response.").

Even if Walker's claim for intentional infliction of emotional distress were properly before the Court, it would fail on the merits. Under Texas law, IIED is "a 'gap-filler' tort, judicially created for the limited purpose of allowing recovery in those rare instances in which a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress." *Hoffmann-La Roche*, 144 S.W.3d at 447. It is not intended to "be used to evade legislatively-imposed limitations on statutory claims or to supplant existing common law remedies. Properly cabined, the tort simply has no application when the actor intends to invade some other legally protected interest, even if emotional distress results." *Id.* (citations omitted). Accordingly, a plaintiff cannot sustain an IIED claim if the plaintiff could have brought a discrimination claim premised on the same set of facts, whether or not the plaintiff actually pursues a statutory claim or it would be barred. *Stelly v. Duriso*, 982 F.3d 403, 408 (5th Cir. 2020); *Hoffmann-La Roche*, 144 S.W3d at 441, 448.

Because Walker's IIED claim is based on the same set of facts as support his common law claims and would support discrimination claims under the Texas Labor Code, any potential IIED claim against Defendants would be barred under Texas law. *See Stelly*, 982 F.3d at 409 (holding that the availability of sexual harassment and hostile work environment claims under Title VII for a co-worker's offensive behavior prevented an employee from pursuing an IIED claim based on the same misconduct); *Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 (Tex. 2005) (finding that plaintiff's complaints about supervisor's lewd advances and retaliation were "covered by other statutory remedies" and that "she cannot assert them as intentional infliction claims just because those avenues may now be barred").

### D. Leave to Amend

In his response, Walker asks the Court for leave under Rule 15(a) to file a second amended complaint if the Court concludes that his First Amended Complaint fails to allege a plausible claim for relief. Though leave to amend under Rule 15(a) is to be freely given, "denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile." *Salinas v. City of Houston*, 138 F.4th 822, 832 (5th Cir. 2025) (citation omitted). An amendment is futile if it would not survive a Rule 12(b)(6) motion. *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014).

Walker neither submits a proposed amended complaint nor describes any additional facts he would plead to cure the defects in his First Amended Complaint. *See* Local Rule CV-7(b) (requiring that an executed copy of a proposed pleading be filed as an exhibit to a motion for leave). Because Walker has already amended his complaint once and does not apprise the Court of facts he would plead to cure these deficiencies, this Magistrate Judge recommends that his request for leave to amend be denied as futile. *See Salinas*, 138 F.4th at 833 (affirming denial of leave to amend when movant previously amended his pleadings and did not apprise district court of facts she would plead in an amended complaint to cure any deficiencies); *Edionwe v. Bailey*, 860 F.3d 287, 294 (5th Cir. 2017) (same).

### IV.  Recommendation

For these reasons, this Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. 11) and dismiss Plaintiff's suit in its entirety under Rule 12(b)(6) with prejudice. The Court further **RECOMMENDS** that the District Court **DENY** Plaintiff leave to amend his complaint.

**IT IS ORDERED** that the Clerk **REMOVE** this case from this Magistrate Judge's docket and **RETURN** it to the docket of the Honorable Alan D Albright.

## V. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within 14 days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on August 29, 2025.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE